UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GINA MADILL BROWN,

       Plaintiff,

v.

BANK OF NEW YORK MELLON, AS
SUCCESSOR TRUSTEE UNDER
NOVASTAR MORTGAGE FUNDING
TRUST 2005-3, and SAXON
MORTGAGE SERVICES, INC.,

       Defendants.
_____/

File No.  1:10-CV-550

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Defendants Bank of New York Mellon, as Successor Trustee under Novastar Mortgage Funding Trust 2005-3, and Saxon Mortgage Services, Inc.'s motion for judgment on the pleadings and/or for summary judgment. (Dkt. No. 38). For the reasons that follow, the motion will be granted.

### I.

Plaintiff Gina Madill Brown originally filed this action in the Eaton County Circuit Court where she obtained a temporary restraining order enjoining Defendants from conducting a mortgage foreclosure by sale and from giving negative credit rpeorts to credit reporting agencies during the pendency of this action. Prior to the scheduled show cause hearing, Defendants removed the action to federal court on the basis of federal question

jurisdiction. In a prior opinion and order, this Court dismissed counts 1, 3, 6, 7, and 12 of Plaintiff's complaint for failure to state a claim on which relief can be granted. (Dkt. Nos. 21, 22, 01/21/2011 Op. & Order.) Defendants have now filed a motion for judgment on the pleadings and/or for summary judgment on the seven remaining counts of Plaintiff's complaint.

## II.

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (quoting *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)). Motions for judgment on the pleadings pursuant to Rule 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Accordingly, the Court must construe the complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Id.* The court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).

Summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure is proper

if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim then the nonmoving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

**III.**

Defendants have requested judgment on the pleadings and/or summary judgment on Counts 2, 4, 5, 8, and 9-11 of Plaintiff's complaint.

**A. Count 2, Breach of Contract (2008 Modification)**

Plaintiff alleges in Count 2 of her complaint that Defendants breached the 2008 loan modification. Defendants move for dismissal of Count 2 of Plaintiff's complaint, which alleges breach of the 2008 Modification, on the basis that it is barred by the statute of frauds.

It is not clear from Plaintiff's complaint how Defendants' allegedly breached the 2008 Loan Modification Agreement. Plaintiff alleges that Defendants entered into a contract with her on October 23, 2008, to modify her mortgage, that two weeks later they informed her that her mortgage was in default, and that they did not execute the 2008 Modification until July 23, 2009, after initiating two foreclosure proceedings. (Compl. ¶¶ 111-120.) In response to Defendants' motion to dismiss or for summary judgment, Plaintiff has not addressed the breach of contract claim alleged in Count 2, nor has she responded to Defendants' argument that the claim is barred by the Statute of Frauds.

To the extent Plaintiff's breach of contract claim is based on her contention that Defendants breached their oral promise to waive fees, that claim is clearly barred by the statute of frauds. The statute of frauds bars enforcement of agreements which would affect an interest in real property or relate to a mortgage loan given by a financial institution, unless those agreements are in writing. Mich. Comp. Laws §§ 566.106,[1] 566.132[2]. Section

---

[1] The statute of frauds pertaining to interests in real property provides:

No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

Mich. Comp. Laws § 566.106.

[2] The statute of frauds pertaining to financial institutions provides:

(continued...)

566.132(2), which expressly bars an action against a financial institution to enforce a promise to modify a loan "unless the promise or commitment is in writing and signed with an authorized signature by the financial institution," is "unambiguous." *Crown Technology Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). The statute operates as "an unqualified and broad ban," using "generic and encompassing terms" to describe the types of promises or commitments that the statute of frauds protects "absolutely." *Id.* The statute "plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Id. See also Cadle Co. II, Inc. v. P.M. Group, Inc.*, No. 275099, 2007 WL 3119569, at *2 (Mich. Ct. App., Oct. 25, 2007) (holding that where no authorized representative of the bank signed a modification or waiver, the alleged agreement to modify

---

[2](...continued)
(2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

(a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

(b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws. § 566.132(2).

or waive the guaranty was unenforceable under MCL 566.132(2)); *Jarbo v. BAC Home Loan Servicing*, No. 10-12632, 2010 WL 5173825, at *11 (E.D. Mich. Dec. 15, 2010) (Edmunds, J.) (holding that the plain language of Michigan's statute of frauds precluded the plaintiffs from bringing claims alleging the breach of an unwritten promise to modify or delay repayment of their mortgage loans); *Williams v. JP Morgan Mortg. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356, at *4 (E.D. Mich. Mar. 19, 2010) (Duggan, J.) (holding that the plaintiffs' claims based on the defendants' alleged promise that it would modify the loan on the plaintiffs' property and delay a foreclosure sale during the loan modification process were barred by § 566.132(2) because they had no writing, signed by the defendant, promising to modify the plaintiffs' loan or delay the foreclosure sale); *Ajami v. IndyMac Mortg. Servs.*, 2009 WL 3874680, at *2 (E.D. Mich. Nov. 13, 2009) (Cohn, J.) (granting the bank's motion to dismiss the plaintiff's claims based on an alleged promise of a loan modification and short sale because they were barred by the statute of frauds).

All of the deposition excerpts attached to Plaintiff's brief in response to Defendants' motion reflect that the alleged agreement to waive fees was made during oral conversations over the telephone. (Def. Ex. 4, Brown Dep. 28, 30.) Plaintiff acknowledges that when she signed the 2008 loan modification, she also received and signed a "Notice of No Oral Agreements" which provided that

> THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE

ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. (Def. Ex. 4, Brown Dep. 29; Def. Ex. 5, 2008 Loan Modif. Agrm't.)

Plaintiff has not suggested that an agreement to waive fees can be found in any of the written documents. The right to foreclose and to collect default fees is expressly contained in the Mortgage and 2008 Loan Modification. (Ex. 2, Mortgage; Ex. 5, 2008 Loan Modif.) The 2008 Loan Modification did not waive those rights. To the contrary, it expressly provided that "none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument." (2008 Loan Modif. Agrm't ¶ 4(b).). It also expressly provided that "all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by lender." *Id.* Plaintiff is barred by the statute of frauds from attempting to vary those written terms through alleged oral agreements. Because Plaintiff's allegations of breach of the 2008 Loan Modification are not supported by the written agreements between the parties, Plaintiff has failed to state a claim upon which relief can be granted. Alternatively, because Plaintiff has not presented any evidence that would create a genuine issue of material fact, Defendants are entitled to summary judgment on Plaintiff's claim of Breach of the 2008 Loan Modification.

**B. Counts 4 and 5, Fraudulent or Innocent Misrepresentation**

Counts 4 and 5 of Plaintiff's complaint are based on her allegation that Defendants made false representations of material fact on which she relied to her detriment in entering into the contracts to modify her loan:

> Defendants intentionally made false representations of material facts to Plaintiff regarding the terms of the NovaStar Modification, the 2008 Modification, and HAMP; how her payments were being applied; that her December 2009 payment was electronically withdrawn from her bank account; and that attorney and other fees were removed from her account history . . . .

(Compl. ¶¶ 135, 141.)

Defendants move to dismiss Plaintiff's misrepresentation claims because they are barred by the statute of frauds. In her response to Defendants' motion, Plaintiff has not addressed Defendants' statute of frauds argument. Plaintiff has merely cited to portions of her deposition where she testified about Defendants' oral representations regarding the loan modifications.

Plaintiff's misrepresentation claims, like her breach of the 2008 Loan Modification claim, are barred by the statute of frauds. The Michigan statute of frauds precludes a party from "bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise," *Crown Tech.*, 619 N.W.2d at 72; *see also Jarbo*, 2010 WL 5173825, at *11 ("Michigan's statute of frauds similarly precludes Plaintiffs from bringing negligent or innocent misrepresentation claims against Defendants because these claims seek to enforce oral promises."); *Muneio v. Fed. Nat'l Mortg. Ass'n*, No. 09-12973, 2010 WL

8

5146328, at *3 (E.D. Mich. Dec. 13, 2010) (Cohn, J.) (holding that the statute of frauds bar extended to the plaintiff's misrepresentation claims against the defendant financial institution); *Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-CV-14175, 2010 WL 3998091, at * (E.D. Mich. Oct. 12, 2010) (Murphy, J.) (holding that the Statute of Frauds barred the borrower's fraud claim regarding an alleged oral accommodation); *Manire v. Am. Equity Mortg., Inc.*, No. 04-60278, 2005 WL 2173679, at *3 (E.D. Mich. Sept. 6, 2005) (Battani, J.) (holding that the Michigan Statute of Frauds prevented the plaintiff from asserting claims of intentional and negligent misrepresentation that were based on oral statements); *Republic Bank v. Britton Estates, L.L.C.*, No. 258616, 2006 WL 445916, at *4 (Mich. Ct. App. Feb. 23, 2006) (affirming summary judgment in favor of the bank because the statute of frauds barred the appellants' misrepresentation claims).

Plaintiff's misrepresentation and innocent misrepresentation claims are barred by the statute of frauds. Defendants are accordingly entitled to dismissal of Counts 4 and 5 of Plaintiff's complaint.

## C. Count 8, Intentional Infliction of Emotional Distress

Defendants have moved for judgment on the pleadings or for summary judgment on the intentional infliction of emotional distress claim found in Count 8 of Plaintiff's complaint.

The elements of a claim of intentional infliction of emotional distress are (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional

9

distress. *Graham v. Ford*, 604 N.W.2d 713, 716 (Mich. Ct. App. 1999) (citing *Haverbush v. Powelson*, 551 N.W.2d 206 (Mich. Ct. App. 1996)). The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* Even extreme and outrageous conduct may be privileged under the circumstances: "The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 909 (Mich. 1985) (quoting Restatement Torts, 2d, § 46, comment g, p. 76).

According to Plaintiff, Defendants engage in extreme and outrageous conduct when they harassed her by repeatedly and wrongfully refusing to follow the terms of her two loan modifications, failed to return her telephone calls, failed to remove fees from her account, lost paperwork, denied her loan modification because of her failure to submit such paperwork, assured her they had debited mortgage payments from her bank account when they had not done so, failed to instruct her on the steps needed to avoid foreclosure, and improperly foreclosed on her mortgage three times.

To the extent Plaintiff's claim is based on Defendants' alleged oral promises, it is barred by the statute of frauds. *See Crown*, 619 N.W.2d at 72. To the extent Plaintiff's claim

is based on Defendants' efforts to requests for payment, warnings of foreclosures, and applications of Plaintiff's funds to late payments, Defendants conduct was privileged because it was consistent with their legal enforcement of their contractual rights. Plaintiff's remaining allegations fall within the category of petty oppressions which do not amount to extreme and outrageous conduct. Accordingly, the Court will grant Defendants' motion for summary judgment on Plaintiff's intentional infliction of emotional distress claim.

### D.  Counts 9 and 10, Concert of Action and Civil Conspiracy

Counts 9 and 10 of Plaintiff's complaint are claims based on concert of action and civil conspiracy. Defendants seek judgment on the pleadings and/or summary judgment on Counts 9 and 10 because Plaintiff has failed to establish any underlying tortious act by Defendants.

Under Michigan law, a claim for civil conspiracy is not cognizable without a cognizable underlying tort. *Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 875 (E.D. Mich. 2010) (citing *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 486 N.W.2d 351, 358–59 (Mich. Ct. App. 1992)). A claim for concert of action also requires a showing of an underlying tort. *Abel v. Eli Lilly & Co.*, 343 N.W.2d 164, 176 (Mich. 1984).

Plaintiff has failed to establish any tortious act by Defendants. Defendants are accordingly entitled to summary judgment on Counts 9 and 10.

### E.  Count 11, Fair Credit Reporting Act

In Count 11 of her complaint, Plaintiff alleges that Defendants violated the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., by making false reports to the credit reporting agencies that Plaintiff was delinquent on her loan obligations, and by failing to remove those reports. Defendants have moved for dismissal of Count 11 because Plaintiff failed to produce a copy of her credit report despite Defendants' repeated requests and the entry of a stipulated order to compel, and because Plaintiff failed to allege any specific FCRA violation.

Plaintiff has presented evidence that she provided her social security number to Defendants on August 12, 2011, so that they could obtain her credit reports, and that she forwarded copies of her credit reports to Defendant on October 26, 2011. (Dkt. No. 46, Pl.'s Resp., Ex. 2, 3.) She also contends that she was only in default on her mortgage because Defendants provided her with inaccurate monthly mortgage loan statements and improperly increased her rate of interest.

Plaintiff's failure to provide discovery concerning the substance of her claim could be sanctioned by dismissal of the claim. *See* Fed. R. Civ. P. 37(b). The Court will not address Defendants' request for dismissal sanctions, however, because Defendants are entitled to summary judgment on Plaintiff's FCRA claim.

The FCRA sets forth the responsibilities of those who furnish credit information to consumer reporting agencies. Under § 1681s-2(a), furnishers of credit information are obligated "to provide accurate information" and are prohibited from "reporting information with actual knowledge of errors" or "after notice and confirmation of errors." 15 U.S.C. §

1681s-2(a)(1)(A) and (B). Under § 1681s-2(b), "[u]pon receiving notice from a credit reporting agency that a consumer disputes the information a furnisher has provided, the furnisher is required to (1) investigate the veracity of the disputed information; (2) review the information provided by the credit reporting agency; (3) report the results of the investigation; and (4) correct any inaccuracies uncovered by the investigation." *Bach v. First Union Nat. Bank*. 149 F. App'x 354, 358 (6th Cir. 2005) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(D)). There is no private right of action under § 1681s–2(a). *Huertas v. Galazy Asset Mgmt.*, 641 F. 3d 28, 34 (3d Cir. 2011); *Nelson v. Chase Mahattan Mort. Corp.*, 282 F.3d 1057, 1059-69 (9th Cir. 2002); *Yaldu v. Bank of Am. Corp.* 700 F. Supp. 2d 832, 842 (E.D. Mich. 2010) ("There can be no doubt that the duties imposed by 15 U.S.C. § 1681s-2(a) can only be enforced by government agencies and officials."); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003). Even though there is no private right of action under § 1681s-2(a), courts in this circuit have recognized that there is a private right of action under § 1681s-2(b). *Bach*, 149 F. App'x at 358-59 ("While a consumer cannot bring a private cause of action for a violation of a furnisher's duty to report truthful information, a consumer may recover damages for a willful violation of 15 U.S.C. § 1681s-2(b)(1)(A)-(D)."). However, to recover under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed. *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004); *Yaldu*, 700 F. Supp. 2d at 843 ("[A] furnisher of credit information . . . has

no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency."). Plaintiff has acknowledged that she never notified the credit reporting agencies as to any inaccuracies. Accordingly, she does not have a private right against Defendants for failing to correct her credit information. *See Downs*, 88 F. App'x at 854 (holding that the plaintiffs had no claim under the FCRA because they did not allege that they had filed a dispute with a credit reporting agency); *Yaldu*, 700 F. Supp. 2d at 842 (holding that the plaintiff's claim under the FCRA failed because there was no allegation that the plaintiff's credit was unjustifiably marred, or that the plaintiff communicated his belief of the mistake to the credit reporting agencies).

Finally, even if Plaintiff had a private right of action against Defendants under the FCRA, Plaintiff's claim would not survive summary judgment. Although Plaintiff has attached a copy of her credit report to her response in opposition to Defendants' motion, Plaintiff has failed to provide any evidence that any of the information Defendants gave to the credit company was false. Plaintiff has acknowledged that she failed to make her May and June 2008 mortgage payments and subsequently failed to make her February through August 2009 payments. (Brown Dep. 33, 81.) In addition, Plaintiff has acknowledged that she never filed anything with the credit reporting agencies to indicate that the information reflected on her credit report was inaccurate. (Brown Dep. 77.) For all these reasons, Defendants are entitled to summary judgment on Count 11 of Plaintiff's complaint.

**F. Injunction lifted**

Defendants have also requested the Court to release the temporary restraining order issued by the Eaton County Circuit Court on May 11, 2010, enjoining Defendants from conducting a foreclosure sale of Plaintiff's property and enjoining them from negative credit reporting during the pendency of this action. In light of the Court's resolution of Defendants' motion in their favor, Defendant's request will be granted.

An order and judgment consistent with this opinion will be entered.


Dated: December 2, 2011                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE